# EXHIBIT 1

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

ROLLIE LEE CHANCE, JR.                    )
14 Temple Drive                           )
Stafford, Virginia 22554                  )
                                          )
          Plaintiff,                      )
                                          )          **14 - 0005785**
                                          )
v.                                        )     Civil Action No.
                                          )
CBS CORPORATION                           )
51 West 52nd Street                       )
New York, New York 10019                  )
                                          )
and                                       )
                                          )
JOHN J. MILLER, JR.                       )
322 Central Park West, Apt. 1C            )
New York, New York 10025                  )
                                          )
          Defendants.                     )

FILED
CIVIL ACTIONS BRANCH

SEP 15 2014

Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

Plaintiff Rollie Lee Chance, Jr. ("Plaintiff"), by counsel, brings this action for

damages against Defendants CBS Corporation and John J. Miller, Jr. (collectively,

"Defendants"), alleging claims for defamation and false light invasion of privacy.

### Nature of Case

1.   On September 16, 2013, Defendants falsely and negligently published

defamatory and unsubstantiated allegations that Plaintiff was the shooter in

a mass murder in Building 197 at the Washington Navy Yard ("Navy Yard

Shooting").  Plaintiff's former colleagues were among the twelve victims shot

and killed in the Navy Yard Shooting.

1




COMPLETED

2.  No law enforcement agency identified Plaintiff as the Navy Yard shooter. Despite the severity of alleging and publishing unsubstantiated accusations that a private individual and retired lieutenant of the United States Navy was the perpetrator responsible for a mass murder at the Washington Navy Yard, Defendants negligently disseminated these defamatory reports to national and international audiences via CBS Radio News, the CBS News website, and their social media web pages.

3.  Inexcusably, just 80 minutes after publicly and falsely accusing an innocent individual of mass murder, Defendants falsely reported that Plaintiff had been arrested in Virginia just days before the Navy Yard Shooting after his last day at the Navy Yard.  Defendants negligently published this falsity as fact and failed to verify its accuracy, while, ironically, attempting to justify their previous inaccurate reporting of the Navy Yard shooter's identity. Defendants' actions are not simply hallmarks of irresponsible journalism; their rush to publish unconfirmed, sensitive information demonstrates an unacceptable disregard for the subjects and lives affected by their false publications.

## Parties

4.  Plaintiff, Lieutenant Rollie Lee Chance, Jr., United States Navy, Retired, is an adult citizen and resident of Stafford County, Virginia ("Plaintiff").  At the time Defendants published the defamatory accusations alleged herein, Plaintiff was 50 years old.

2

5.  Defendant CBS Corporation is a mass media company, incorporated in Delaware, with its principal place of business at 51 West 52nd Street, New York, New York 10019 ("CBS").  CBS maintains offices and transacts business in Washington, D.C.

6.  Defendant John J. Miller, Jr. ("Miller") is an individual and resident of New York, New York.

7.  At all times material hereto, Miller was employed by CBS as a correspondent for CBS News®.

8.  CBS News is the news and information division of CBS, and is headquartered in the CBS Broadcast Center in New York.  CBS News operates a worldwide news organization and provides original reporting, interviews, investigations, analysis, and breaking news programs.

9.  Miller made the statements alleged herein while acting within the scope of his employment for CBS as a correspondent for CBS News.

10. Consequently, pursuant to the doctrine of respondeat superior, CBS is liable for damages arising from Miller's negligence.

11. CBS News utilizes a multi-platform model for news distribution across television, radio, the Internet, and hand-held devices, through the CBS Television Network, CBS Radio News, CBSNews.com and its associated Twitter and Facebook pages, and CBS Mobile, respectively.

12. CBS Radio News is owned by CBS.

13. CBS Radio News newscasts are promoted and accessible to an international audience through several audio platforms, social media networks, applications designed by CBS Interactive for certain mobile device systems, and various sites on the world wide web.

14. CBS Interactive Inc. ("CBS Interactive") is a division of CBS that provides online network content.   CBS Interactive's portfolio includes CBSNews.com.

## Jurisdiction and Venue

15. This Court has jurisdiction over all Defendants in this action pursuant to D.C. Code § 13-423(a), as Plaintiff's injuries arise from Defendants transacting business in the District of Columbia.  Additionally, this Court has jurisdiction in this matter, because the cause of action arises from Defendants causing tortious injury in the District of Columbia by their acts and omissions in the District.  This Court also has jurisdiction over Defendants' actions and omissions outside the District of Columbia that have caused tortious injuries to Plaintiff in the District, because Defendants regularly do and solicit business, engage in other persistent conduct, and derive substantial revenue from goods used and services rendered in the District.

## Factual Background

16. Plaintiff is a retired lieutenant of the United States Navy ("U.S. Navy").  He enlisted with the U.S. Navy when he was 23 years old.  During his 24-year career in the U.S. Navy, Plaintiff worked his way through the ranks, and

4

earned an officer commission in 2000.  He was promoted to the rank of lieutenant in the U.S. Navy in 2005.

17. Plaintiff was honorably discharged and retired from the U.S. Navy in 2008.

18. Following his retirement, Plaintiff was employed as a civilian engineer for Naval Sea Systems Command and worked on the fourth floor of Building 197 at the Washington Navy Yard.

19. In October 2012, nearly a year prior to the Navy Yard Shooting, Plaintiff left the Navy Yard on paid administrative leave.  He delivered his civil identification badge and common access card to his security manager at Naval Sea Systems Command.  Plaintiff did and continues to maintain control over his military identification badge.

20. Plaintiff has not been present in Building 197 or at the Washington Navy Yard since October 2012.  At the time of the Navy Yard Shooting, Plaintiff was at his home in Stafford, Virginia.

21. At approximately 8:16 a.m., Eastern Time, on September 16, 2013, a gunman opened fire in Building 197 at the Washington Navy Yard, shooting and ultimately killing 12 people before he was fatally shot by law enforcement officers approximately 69 minutes later at 9:25 a.m. (the "Navy Yard Shooting").  The Navy Yard Shooting forced sections of Washington, D.C. into lockdown, and claimed national and international attention.

22. Law enforcement officials identified Aaron Alexis, 34-years-old, as the sole gunman and shooter.

23. Plaintiff did not know Aaron Alexis. Plaintiff never saw or met Aaron Alexis, and he never spoke to or communicated with him.

24. Neither the Navy, nor the Metropolitan Police Department of the District of Columbia ("D.C. Police") or the Federal Bureau of Investigations ("FBI"), ever identified Plaintiff as the perpetrator in the Navy Yard Shooting.

25. No law enforcement official with authority to disclose details of an ongoing investigation named Plaintiff as the shooter responsible for the Navy Yard Shooting.

26. At approximately 12:09 p.m., Eastern Time, on September 16, 2013, a representative from ABC News called Plaintiff and asked him if he was related to Rollie Chance and if he was aware that Rollie Chance was rumored to be the deceased shooter at the Washington Navy Yard. Plaintiff informed the ABC News representative that Rollie Chance was not responsible whatsoever for the shooting at the Washington Navy Yard.

27. ABC News chose not to report that Rollie Chance was the Navy Yard shooter.

28. At approximately 12:15 p.m., Eastern Time, on September 16, 2013, Plaintiff met with law enforcement officials from the FBI, in Stafford County, Virginia, who determined that he was not the Navy Yard shooter.

29. At approximately 12:32 p.m., Eastern Time, on September 16, 2013, during a previously scheduled, nationally-televised press conference regarding the nation's economy, President Barack Obama addressed the nation about the Navy Yard shooting and the ongoing investigation. President Obama stated

that he had been briefed by his team, and that they still didn't know all the facts. In acknowledging that they were confronting another mass shooting, President Obama advised that as the investigation moved forward, they would do everything in their power to make sure whoever carried out the cowardly act was held responsible. Just minutes later, Defendants announced "breaking news" that Plaintiff Rollie Chance was identified as the Navy Yard shooter over their national radio broadcast.

30. Even though law enforcement officials had determined that Plaintiff was not and could not be the perpetrator, at approximately 12:41 p.m., Eastern Time, on September 16, 2013, Miller reported via CBS News that the Navy Yard shooter was 50-year-old "retired Navy Chief Petty Officer Rollie Chance."

31. Miller was, at all times relevant hereto, a senior correspondent for CBS News with extensive background and contact with law enforcement personnel. He had previously served as Assistant Director for the Office of Public Affairs at the FBI. Prior to the FBI, Miller worked in local law enforcement in Los Angeles, California, as the Bureau Chief for the Counter-Terrorism and Criminal Intelligence Bureau for the Los Angeles Police Department. Consequently, Miller has first-hand knowledge of the rules and regulations for law enforcement personnel for the handling of sensitive information in an ongoing investigation—including, undoubtedly, the FBI's rules and regulations governing unauthorized disclosure of such sensitive information to the news media. He is also aware that one of the purposes of

7

implementing these policies is to protect not only the integrity of ongoing investigations, but also the innocent private citizens who may initially be suspected of involvement based on circumstantial or incomplete evidence in the haze and confusion of early and evolving investigations.

32. Miller's report that the Navy Yard shooter was 50-year-old retired Navy Chief Petty Officer Rollie Chance is wholly false and defamatory.

33. Miller's report that the Navy Yard shooter was retired Navy Chief Petty Officer Rollie Chance was published negligently and without privilege, and has caused significant injury to Plaintiff.

34. In publishing reports that Rollie Chance was the Navy Yard shooter, Miller was acting within the scope of his employment with CBS as a correspondent for CBS News.

35. Consequently, CBS is liable for damages arising from Miller's negligence in publishing the defamatory statements about Plaintiff.

36. Additionally, CBS News published this significant, yet false and unofficial, accusation again through its social media pages on Twitter.

37. Twitter is an online social networking and microblogging service that allows users to publish 140-character messages to its online site, https://twitter.com. Users create and maintain their Twitter accounts through a username.

38. Charles Kaye, Executive Producer for CBS Radio News ("Kaye") maintains the Twitter username "CharlieKayeCBS."

39. Cami McCormick, CBS Radio News correspondent ("McCormick"), maintains the Twitter username "cbsMcCormick."

40. CBS News promotes the Twitter usernames "CharlieKayeCBS" and "cbsMcCormick" on its website, where it includes the links to CharlieKayeCBS's and cbsMcCormick's Twitter pages.

41. Kaye and McCormick publish reports for CBS News by posting messages ("tweets") on their respective Twitter pages. These tweets are disseminated and accessible to the vast national and international public via Twitter on the World Wide Web.

42. At 12:41 p.m, Eastern Time, on September 16, 2013, Kaye reported via his Twitter page, "BREAKING. More from @CBSNews: [S]ource identifies suspected Navy [Y]ard shooter as Rollie Lee Chance, born 1963, from Chesapeake, VA."

43. Subsequent to Kaye's publication, McCormick reported on her Twitter page, "CBS's John Miller reports the Navy Yard shooter was retired Navy chief petty officer, Rollie Chance."

44. The reports made and published by CBS News, Kaye, and McCormick, claiming that Rollie Chance was the Navy Yard shooter, were false, published negligently and without privilege, and have caused significant damage to Plaintiff's health and reputation.

45. In publishing these reports via their respective Twitter usernames, Kaye and McCormick acted within the scopes of their employment with CBS.

46. Consequently, CBS is liable for damages arising from Kaye's and McCormick's negligence in publishing defamatory statements about Plaintiff.

47. Upon Defendants' publication identifying Plaintiff as the Navy Yard Shooter, Plaintiff's photograph, address, and private details about his life were circulated on the Internet.

48. After erroneously identifying and reporting Plaintiff to be the Navy Yard shooter, Miller appeared and participated via telephone in a television broadcast by WUSA9 conducted at WUSA9's studios in Washington, D.C.

49. WUSA9 is a local Washington, D.C. television news station owned by Gannett, Inc.  WUSA9's studios are located at 4100 Wisconsin Avenue, Northwest, in Washington, D.C.

50. WUSA9's local television broadcasts are published to Washington, D.C., Maryland, and Northern Virginia television audiences.  Additionally, WUSA9's broadcasts are disseminated to a national and international audience through real-time streaming video accessible via their website, www.wusa9.com.

51. Miller, reporting for CBS News, appeared in WUSA9's on-air television broadcast at approximately 2:03 p.m., Eastern Time, on September 16, 2013. In the broadcast, Miller sought to justify the basis for his and CBS's inaccurate reports identifying Plaintiff as the Navy Yard shooter.

52. When asked during the WUSA9 broadcast about his previous misidentification, Miller stated that "a military ID card was found on the

10

scene by investigators, close to where the dead suspect was. That ID card related to an individual whose last day there was Friday, and who was arrested in Virginia on a public intoxication charge late Friday night."

53. The individual Miller was referring to on WUSA9's broadcast was Plaintiff–Rollie Chance–whom he had previously identified as the Navy Yard shooter.

54. Miller publicly claimed that Plaintiff was a mass murderer, and he plainly implied that Plaintiff suffered recent work grievances and a subsequent alcohol-related arrest. In doing so, Miller again published false, defamatory information about Plaintiff and compounded the damage to Plaintiff's reputation in the community.

55. Miller made the subsequent false accusations about Plaintiff's alleged recent arrest after he was on notice that the purported source he relied on in his initial report (as to the identification of the Navy Yard shooter) was incorrect, and that such source had provided Miller erroneous information about the ongoing Navy Yard Shooting investigation.

56. Miller's assertion that Plaintiff's last day working at the Washington Navy Yard was Friday, September 13, 2013, is false.

57. Miller's assertion that Plaintiff was arrested in Virginia on a public intoxication charge the previous Friday night (to wit: September 13, 2013) is also false.

58. Miller published these false statements and representations about Plaintiff to WUSA9's television and vast online audience.

59. Miller's untrue statements and representations places Plaintiff in a false light and are false, blatant attacks on Plaintiff's character and his personal life.

60. Plaintiff had no participation or role whatsoever in the Navy Yard Shooting. Furthermore, he certainly did not inject himself into the reporting of the Navy Yard Shooting. Plaintiff is, and was at all relevant times, a private individual. He does not maintain general fame or notoriety in the community, and he is not pervasively involved in the affairs of society, such that he may be deemed a public figure.

61. As a direct and proximate result of Defendants' negligence, Plaintiff's reputation has been substantially tainted and severely damaged.

62. Plaintiff's daughter, then nine-years-old, was taken out of her classroom by school administrators who had learned through Defendants' publication that Plaintiff was responsible for shooting and killing numerous people at the Washington Navy Yard, and that he had been shot and killed by law enforcement. His daughter continues to suffer from anxiety and fear that something "might happen" to her father.

63. Defendants' negligence has directly and proximately caused Plaintiff to suffer clinically significant levels of anxiety and depression, in addition to public humiliation and embarrassment.

64. As a direct and proximate result of Defendants' negligence, Plaintiff has been diagnosed with Post Traumatic Stress Disorder (PSM-IV, #309.81), and is

under continuous psychological and psychiatric care and will have to maintain this care for the foreseeable future. Plaintiff suffers sleep disturbance, nightmares, intrusive thoughts of his experience, inability to concentrate, memory problems, depression coupled with suicidal ideation, generalized dysphoria, and anhedonia (the inability to enjoy life).

65. As a result of Defendants' negligence, Plaintiff has resigned himself to staying in his home and avoiding social contacts apart from his immediate family, and he has not been able to gain employment. Plaintiff feels shamed, hopeless about his future, and fearful and embarrassed of what people in the public and in his and his family's social life now think of him.

Count One
Defamation
(against All Defendants)

66. Plaintiff incorporates by reference and hereby again asserts all allegations contained in Paragraphs 1 through 65 above.

67. Defendants made negligent statements alleging that Plaintiff was the Navy Yard Shooter.

68. Defendants' statements alleging that Plaintiff was the Navy Yard Shooter are false.

69. Defendants' statements alleging that Plaintiff was the Navy Yard Shooter are defamatory, because they claim that Plaintiff committed the heinous crime of murder.

13

70. After realizing they had misidentified Plaintiff as the Navy Yard shooter, Defendants negligently reported that Plaintiff was arrested for public intoxication the night of Friday, September 13, 2013.

71. Defendants' report that Plaintiff was arrested for public intoxication the night of Friday, September 13, 2013, is false.

72. Defendants' report that Plaintiff was arrested for public intoxication the night of Friday, September 13, 2013, is defamatory, because it falsely claims Plaintiff was arrested on such date for such crime.

73. Defendants published this defamatory statement to the Washington, D.C., Maryland, and Northern Virginia television audiences, as well as an international audience through the World Wide Web.

74. Miller never called Plaintiff at his publicly listed telephone number, admitted he was wrong, or apologized.  Instead, he deliberately attempted to depict Plaintiff as a troubled individual, who had just been arrested a few days prior after being terminated from the Navy Yard, to defend and validate his previous erroneous reporting and preserve his credibility.  Information of a recent arrest is so easily verifiable that Miller's failure to do so is negligent and a self-serving tactic to protect Defendants' images to the public.

75. As a direct and proximate result of Defendants' publication of these defamatory accusations, Plaintiff has suffered and continues to suffer harm. Such harm includes, but is not limited to, impairment to Plaintiff's reputation, personal humiliation, anxiety, lost employment opportunity, past

and future medical expenses, and severe mental anguish and suffering, for which he is entitled to recover damages.

<u>Count Two</u>
False Light Invasion of Privacy
(against All Defendants)

76. Plaintiff incorporates by reference and hereby again asserts all allegations contained in Paragraphs 1 through 75 above.

77. Defendants publicized false statements alleging that Plaintiff was the Navy Yard shooter.

78. Defendants' statements alleging that Plaintiff was the Navy Yard Shooter places Plaintiff in a false light that would be offensive to a reasonable person, because the statements claim that Plaintiff committed heinous mass murder at the Washington Navy Yard.

79. Defendants falsely reported that Plaintiff was arrested for public intoxication the night of Friday, September 13, 2013.

80. Defendants' report that Plaintiff was arrested for public intoxication the night of Friday, September 13, 2013, places Plaintiff in a false light that would be offensive to a reasonable person.

81. Defendants made and published the false report that Plaintiff was arrested for public intoxication the night of Friday, September 13, 2013, to the Washington, D.C., Maryland, and Northern Virginia television audiences, as well as an international audience through the World Wide Web.

82. As a result of Defendants' false statements to the public, Plaintiff has suffered and continues to suffer harm. Such harm includes, but is not limited to, impairment to Plaintiff's reputation, personal humiliation, anxiety, lost employment opportunity, past and future medical expenses, and severe mental anguish and suffering, for which he is entitled to recover damages.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Find Defendants liable for their negligent and defamatory publications, and allow Plaintiff compensatory damages in the amount of $4,500,000.00 for the harm suffered as a result, together with prejudgment interest from September 16, 2013;

2. Allow Plaintiff attorneys' fees, interest, and costs;

3. Grant equitable relief to include an order requiring Defendants to publish a formal retraction and apology to the Plaintiff, and refrain from publishing any reports or otherwise disclosing personal or private information about Plaintiff; and

4. Grant such other relief as is necessary, appropriate, equitable, or just.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.


Respectfully submitted,

**ROLLIE LEE CHANCE, JR.**
By counsel

SHER, CUMMINGS & ELLIS, PLLC

Mark D. Cummings (DC Bar No. 414596)
David E. Sher (DC Bar No. 176396)
Kristen M. Kanaskie (*Pro Hac Vice* Pending)
Sher, Cummings & Ellis, PLLC
3800 Fairfax Drive, Suite 7
Arlington, Virginia 22203
Tel: 703-525-1200
Fax: 703-525-0067
mcummings@sherandcummings.com



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
━ **500 Indiana Avenue, N.W., Suite 5000** ━
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Rollie Lee Chance, Jr.
_____
                    Plaintiff

                    vs.                                 Case Number  **14 - 0 0 0 5 7 8 5**

John J. Miller, Jr.
_____
                    Defendant

## SUMMONS

To the above named Defendant:

　　　　You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer.  A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you.  The attorney's name and address appear below.  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

　　　　You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Sher, Cummings, and Ellis
_____          _Clerk of the Court_
Name of Plaintiff's Attorney

3800 Fairfax Drive Suite 7
_____     By _____
Address                                                   Deputy Clerk
Arlington, VA 22203

703-525-1200
_____     Date ____9/15/14____
Telephone

如需翻译,请打电话 (202) 879-4828　　Veuillez appeler au (202) 879-4828 pour une traduction　　Đề có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오   የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

　　IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

　　If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                          CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante

                contra

                                             Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                          _SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

                          Por: _____
_____
Dirección                                  Subsecretario

_____

                          Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                                    CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
━ **500 Indiana Avenue, N.W., Suite 5000** ━

Rollie Lee Chance, Jr. Washington, D.C. 20001 Telephone: (202) 879-1133
_____
Plaintiff

vs.                                              Case Number  **14- 0 0 0 5 7 8 5**

CBS Corporation
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer.  A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you.  The attorney's name and address appear below.  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Sher, Cummings, and Ellis                          _Clerk of the Court_
_____
Name of Plaintiff's Attorney

3800 Fairfax Drive Suite 7                   By _____
_____
Address                                                          Deputy Clerk

Arlington, VA 22203
_____

703-525-1200                                 Date _____
_____
Telephone

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                                                    Demandante

            contra

                                                    Número de Caso: _____

_____
                                                    Demandado

### CITATORIO

Al susodicho Demandado:

   Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

   A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

_____          Por: _____
Dirección                                                    Subsecretario

_____          Fecha _____

_____
Teléfono

如需翻譯,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Ðể có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት፣ (202) 879-4828 ይደውሉ።

   IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

   Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

                              Vea al dorso el original en inglés
                              See reverse side for English original

                                                                                    CASUM.doc

# Superior Court of the District of Columbia

### CIVIL DIVISION- CIVIL ACTIONS BRANCH
### INFORMATION SHEET

_Bollie Lee Chance, Jr._

Case Number: **14 - 0005785**

Date: _Sept. 15, 2014_

vs

_CBS Corp. + John J. Miller, Jr._ ☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* _MARK D. CUMMINGS_ <br> Firm Name: _Sher Cummings + Ellis_ <br> Telephone No.: _703 525 1200_    Six digit Unified Bar No.: _414596_ | Relationship to Lawsuit <br> ☑ Attorney for Plaintiff <br> ☐ Self (Pro Se) <br> ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury

Demand: $ _4,500,000.00_    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____    Judge: _____    Calendar #:_____

Case No.:_____    Judge: _____    Calendar#:_____

---

NATURE OF SUIT:    *(Check One Box Only)*

**A. CONTRACTS**                                     **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 07 Personal Property          ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty          ☐ 09 Real Property-Real Estate   ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 12 Specific Performance        ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees      ☐ 13 Employment Discrimination   ☐ 18 OVER $25,000 Consent Denied
☐ 10 Mortgage Foreclosure
   D.C. Code § 42-815

---

**B. PROPERTY TORTS**

☐ 01 Automobile                  ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                  ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

---

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 09 Harassment                  ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 10 Invasion of Privacy              Not Malpractice)
☐ 03 Assault and Battery         ☑ 11 Libel and Slander           ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference      ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 13 Malicious Prosecution       ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 14 Malpractice Legal           ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 15 Malpractice Medical (Including Wrongful Death)   ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                       ☐ 16 Negligence- (Not Automobile,   ☐ 23 Tobacco
                                    Not Malpractice)              ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Jun 13

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 04 Condemnation (Emin. Domain)
- [ ] 05 Ejectment
- [ ] 07 Insurance/Subrogation
      Under $25,000 Pltf.
      Grants Consent
- [ ] 08 Quiet Title
- [ ] 09 Special Writ/Warrants
      (DC Code § 11-941)

- [ ] 10 T.R.O./ Injunction
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA)
      (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
      Vacate Arbitration Award
      (DC Code § 16-4401)

- [ ] 25 Liens: Tax/Water Consent Granted
- [ ] 26 Insurance/ Subrogation
      Under $25,000 Consent Denied
- [ ] 27 Insurance/ Subrogation
      Over $25,000 Pltf. Grants Consent
- [ ] 28 Motion to Confirm Arbitration
      Award (Collection Cases Only)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 30 Liens: Tax/ Water Consent Denied
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower
- [ ] 34 Insurance/Subrogation
      Over $25,000 Consent Denied

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
      Certificate

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
      Judgment [ D.C. Code §
      2-1802.03 (h) or 32-1519 (a)]
- [ ] 20 Master Meter (D.C. Code §
      42-3301, et seq.)

- [ ] 21 Petition for Subpoena
      [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a) (1)
      (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

_____
Attorney's Signature

Sept 15, 2014
_____
Date

CV-496/Jun 13



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

ROLLIE LEE CHANCE JR
    Vs.                                 C.A. No.     2014 CA 005785 B
CBS CORPORATION

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge CRAIG ISCOE
Date:  September 15, 2014
Initial Conference: 9:30 am, Friday, December 19, 2014
Location:  Courtroom 200
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001                    Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

2014 CA 005785 B        CHANCE JR, ROLLIE LEE    Vs.   CBS CORPORATION et al        CI

Close
%Open
%Save
%Print
_____
1 Parties
2 Financial
  Summary
3 System
  Notification
4 Docket ID
  Display
5 Condition

Filed        09/15/2014                               # of Pages     1
Docket Entry Event Scheduled                >

                                                      Journal Name
                                                      Journal Book

                                                      Starting Page

Attorney                                    >         Docket Nbr

Participants !___            Sealed                   Document Nbr
                             Create       F           File Reference
                             Notice                   Nbr

Description
Event Scheduled
Event: Initial Scheduling Conference-60
Date: 12/19/2014    Time: 9:30 am
Judge: ISCOE, CRAIG    Location: Courtroom 200

Entered  STEWARTTR    Updated    STEWARTTR    Updated    09/15/2014
By:                   By:                     Date:      14:34

2014 CA 005785 B        CHANCE JR, ROLLIE LEE   Vs.   CBS CORPORATION et al      CI

C%lose

%Open

%Save

%Print

1 Parties
2 Financial
  Summary
3 System
  Notification
4 Docket ID
  Display
5 Condition

Filed        09/15/2014
Docket Entry Service Issued                        >

Attorney                                           >

Participants !___

Description
Issue Date:  09/15/2014
Service:  Summons Issued
Method:  Service Issued
Cost Per:  $

     CBS CORPORATION
     51 West  52nd Street
     NEW YORK, NY   10019
     Tracking No: 5000150881

     MILLER JR, JOHN J.
     322 Central Park West
     Apartment 1C
     NEW YORK, NY   10025
     Tracking No: 5000150882

# of Pages     2

Journal Name
Journal Book

Starting Page

Docket Nbr

Sealed
Create      F
Notice

Document Nbr
File Reference
Nbr

Entered  ALLENPA       Updated   ALLENPA       Updated    09/15/2014
By:                    By:                     Date:      14:42