IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROLLIE LEE CHANCE, JR.**<br><br>**Plaintiff,**<br><br>v.<br><br>**CBS CORPORATION.,** *et al.*<br><br>**Defendants.** | Civil Action No. 14-2054 (JEB) |

## ANSWER

CBS Corporation and John J. Miller, Jr. ("Defendants"), by and through their undersigned attorneys, hereby answer the Complaint of Plaintiff Rollie Lee Chance, Jr. ("Plaintiff"), using the same headings and paragraph numbering employed by Plaintiff, as follows:

## NATURE OF CASE

1.      Defendants deny the allegations in paragraph 1 of the Complaint that they negligently published defamatory and unsubstantiated allegations that Plaintiff was the shooter in a mass murder in Building 197 at the Washington Navy Yard ("Navy Yard") on September 16, 2013. Defendants admit that Plaintiff was misidentified by law enforcement as the Navy Yard shooter for a brief time on September 16, 2013, and that Defendants briefly disseminated that report before they retracted it.

2. Defendants deny the allegations set forth in paragraph 2 of the Complaint. Defendants further aver Plaintiff was misidentified by law enforcement as the Navy Yard shooter for a brief time on September 16, 2013, and that Defendants briefly disseminated that report before they retracted it.

3. Defendants deny the allegations and characterizations set forth in paragraph 3 of the Complaint except to admit that Defendants did report that Plaintiff had been arrested in Virginia a few days before the shooting.

## **PARTIES**

4. Defendants admit the allegations set forth in paragraph 4 of the Complaint.

5. Defendants admit the allegations set forth in paragraph 5 of the Complaint.

6. Defendants admit the allegations set forth in paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8. Defendants admit the allegations set forth in paragraph 8 of the Complaint.

9. Defendants aver that the allegations set forth in paragraph 9 of the Complaint state a legal conclusion to which no response is required.

10. Defendants aver that the allegations set forth in paragraph 10 of the Complaint state a legal conclusion to which no response is required.

11. Defendants admit the allegations set forth in paragraph 11 of the Complaint except to deny that CBS Mobile is a CBS News entity.

12. To the extent that Plaintiff intends the allegations set forth in paragraph 12 of the Complaint to aver that CBS Radio News is a unit of CBS News, which is a division of CBS Broadcasting Inc., the ultimate parent corporation of which is CBS Corporation, Defendants so admit.

13. Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14. Defendants admit the allegations set forth in paragraph 14 of the Complaint except to deny that CBS Interactive Inc. is a division of CBS Corporation. Defendants aver that CBS Interactive Inc. is a subsidiary of CBS Corporation.

## JURISDICTION AND VENUE

15. Defendants aver that the allegations set forth in paragraph 15 of the Complaint state a legal conclusion as to the propriety of venue and jurisdiction in the Superior Court for the District of Columbia to which no response is required. Defendants aver that based upon complete diversity of citizenship of the parties to this action, they removed the case to the federal district court for the District of Columbia.

## FACTUAL BACKGROUND

16. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the Complaint and, on this basis, deny them.

17. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 17 of the Complaint and, on this basis, deny them.

18. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 of the Complaint and, on this basis, deny them.

19. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 of the Complaint and, on this basis, deny them.

20. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of the Complaint and, on this basis, deny them.

21. Defendants admit the allegations set forth in paragraph 21 of the Complaint, except are without information or knowledge sufficient to form a belief as to the exact times Aaron Alexis opened fire or was fatally shot and, on this basis, deny those allegations.

22. Defendants admit the allegation contained in paragraph 22 of the Complaint to the extent that law enforcement officers ultimately identified Aaron Alexis as the sole Navy Yard shooter.

23. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 of the Complaint and, on this basis, deny them.

24. Defendants deny the allegations set forth in paragraph 24 of the Complaint.

25. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 25 of the Complaint and, on this basis, deny them.

26. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26 of the Complaint and, on this basis, deny them.

27. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 27 of the Complaint and, on this basis, deny them.

28. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 of the Complaint and, on this basis, deny them.

29. On information and belief, Defendants admit the allegations set forth in the first three sentences of paragraph 29 of the Complaint.  With respect to the last sentence of paragraph 29, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on this basis, deny them.

30. On information and belief, Defendants deny that law enforcement officers knew that Plaintiff could not be the Navy Yard shooter.  Defendants admit that Miller reported that law enforcement sources identified Plaintiff as the Navy Yard shooter, but deny that he did so at 12:41 p.m. EDT.

31. Defendants admit the allegations set forth in the first four sentences of paragraph 31 of the Complaint.  Defendant Miller was not involved in the creation of such policies and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in the last sentence of paragraph 31 of the Complaint and, on this basis, denies them.

32. Defendants deny that Miller's report that law enforcement officials identified Plaintiff as the Navy Yard shooter is false.  Defendants further aver that the allegation that the report was defamatory in paragraph 32 of the Complaint states a legal conclusion to which no response is required.

33. Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34. Defendants aver that the allegations set forth in paragraph 34 of the Complaint state a legal conclusion to which no response is required.

35. Defendants aver that the allegations set forth in paragraph 35 of the Complaint state a legal conclusion to which no response is required.

36. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 36 of the Complaint and, on this basis, deny them.

37. On information and belief, Defendants admit the allegations set forth in paragraph 37 of the Complaint.

38. Defendants admit the allegations set forth in paragraph 38 of the Complaint.

39. Defendants admit the allegations set forth in paragraph 39 of the Complaint, except to aver that Cami McCormick is a CBS News correspondent.

40. On information and belief, Defendants admit the allegations set forth in paragraph 40 of the Complaint.

41. On information and belief, Defendants admit the allegations set forth in the first sentence of paragraph 41 the Complaint.  Defendants further admit that tweets are disseminated by Twitter on the World Wide Web.

42. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 42 of the Complaint and, on this basis, deny them.

43. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 43 of the Complaint and, on this basis, deny them.

44. Defendants deny that its reports that law enforcement officials identified Plaintiff as the Navy Yard shooter are false. Defendants further aver that the remaining allegations set forth in paragraph 44 of the Complaint state a legal conclusion to which no response is required.

45. Defendants aver that the allegations set forth in paragraph 45 of the Complaint state a legal conclusion to which no response is required.

46. Defendants aver that the allegations set forth in paragraph 46 of the Complaint state a legal conclusion to which no response is required.

47. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 47 of the Complaint and, on this basis, deny them.

48. Defendants admit that Miller was interviewed via telephone by WUSA9 on September 16, 2013. Defendants deny the remaining allegations set forth in paragraph 48 of the Complaint.

49. On information and belief, defendants admit the allegations set forth in paragraph 49 of the Complaint.

50. Defendants admit the allegations set forth in the first sentence of paragraph 50 of the Complaint, and further admit that WUSA9 content is accessible on its website. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 50 of the Complaint and, on this basis, deny them.

51. Defendants admit that Miller was interviewed via telephone by WUSA9 on September 16, 2013. Defendants deny the remaining allegations and characterizations set forth in paragraph 51 of the Complaint.

52. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning the WUSA9 interview set forth in paragraph 52 of the Complaint and, on this basis, deny them.

53. Defendants admit that Miller discussed what law enforcement officials said about Plaintiff during his September 16, 2013 interview on WUSA9.  Defendants deny the remaining allegations and characterizations set forth in paragraph 53 of the Complaint.

54. Defendants deny the allegations and characterizations set forth in paragraph 54 of the Complaint.

55. Defendants deny the allegations and characterizations set forth in paragraph 55 of the Complaint, except to admit that Miller knew law enforcement no longer believed that Plaintiff was the Navy Yard shooter when Miller was interviewed by WUSA9 on September 16, 2013.

56. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 56 of the Complaint and, on this basis, deny them.

57. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 57 of the Complaint and, on this basis, deny them.

58. Defendants deny the allegations and characterizations set forth in paragraph 58 of the Complaint except to admit that John Miller was interviewed about Plaintiff by WUSA9 on September 16, 2013.

59. Defendants deny the allegations and characterizations set forth in paragraph 59 of the Complaint.

60. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 60 of the Complaint and, on this basis, deny them. Defendants aver that the remaining allegations set forth in paragraph 60 of the Complaint state a legal conclusion to which no response is required.

61. Defendants deny the allegations and characterizations set forth in paragraph 61 of the Complaint.

62. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 62 of the Complaint and, on this basis, deny them.

63. Defendants deny the allegations and characterizations set forth in paragraph 63 of the Complaint.

64. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 64 of the Complaint and, on this basis, deny them. Defendants further deny that they acted negligently or caused Plaintiff's alleged harm.

65. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 65 of the Complaint and, on this basis, deny them. Defendants further deny that they acted negligently or caused Plaintiff's alleged harm.

**COUNT ONE**

**Defamation**

**(against All Defendants)**

66. Defendants hereby adopt and incorporate by reference, as though fully set forth herein, each of the preceding paragraphs in their Answer.

67. Defendants deny the allegations and characterizations set forth in paragraph 67 of the Complaint.

68. Defendants deny that its statements that law enforcement officials identified Plaintiff as the Navy Yard shooter are false.

69. Defendants aver that the allegations set forth in paragraph 69 of the Complaint state a legal conclusion to which no response is required.

70. Defendants deny the allegations and characterizations set forth in paragraph 70 except to admit that defendants did report that Plaintiff had been arrested for public intoxication a few days prior to September 16, 2013.

71. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 71 of the Complaint and, on this basis, deny them.

72. Defendants admit they reported that Plaintiff was arrested for public intoxication a few days prior to September 16, 2013.  Defendants further aver that the allegations set forth in paragraph 72 of the Complaint regarding the defamatory nature of the challenged statement states a legal conclusion to which no response is required.

73. Defendants aver that the allegations set forth in paragraph 73 of the Complaint regarding the defamatory content of the challenged statement states a legal conclusion to which no response is required.  Defendants further aver that they are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding the scope of the international audience and, on this basis, deny them.

74. Defendants admit that Miller did not phone Plaintiff. Defendants deny the remaining allegations and characterizations set forth in paragraph 74 of the Complaint.

75. Defendants deny the allegations and characterizations set forth in paragraph 75 of the Complaint.

## COUNT TWO

## False Light Invasion of Privacy

### (against All Defendants)

76. Defendants hereby adopt and incorporate by reference, as though fully set forth herein, each of the preceding paragraphs in their Answer.

77. Defendants deny that its statements that law enforcement officials identified Plaintiff as the Navy Yard shooter are false.

78. Defendants aver that the allegations set forth in paragraph 78 of the Complaint state a legal conclusion to which no response is required.

79. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 79 of the Complaint and, on this basis, deny them.

80. Defendants aver that the allegations set forth in paragraph 80 of the Complaint state a legal conclusion to which no response is required.

81. Defendants aver that they are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 81 of the Complaint and, on this basis, deny them.

82. Defendants deny the allegations and characterizations set forth in paragraph 82 of the Complaint.

## PRAYER FOR RELIEF

Defendants hereby adopt and incorporate by reference, as though fully set forth herein, each of the preceding paragraphs in their Answer.

The unnumbered paragraph immediately following paragraph 82 of the Complaint, which includes subsections 1 through 4, is a demand for judgment and prayer for damages, to which no response is required.  To the extent that a response is deemed to be required, Defendants deny that Plaintiff has suffered and/or is legally entitled to any damages or any other form of relief.

With respect to the entire Complaint, Defendants deny each and every allegation of the Complaint not expressly admitted herein.

## ADDITIONAL DEFENSES

By alleging the separate and additional defenses set forth below, Defendants are not in any way agreeing or conceding that they have the burden of proof or the burden of persuasion on any of these issues.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Defendants acted without the requisite scienter, state of mind, and/or intent in all of their acts placed in issue by the Complaint.

### Third Defense

Defendants acted in good faith, without fault, and without actual or constitutional malice in all of their acts placed in issue by the Complaint.

### Fourth Defense

The acts of Defendants placed in issue by the Complaint are privileged under the First Amendment to the United States Constitution, and/or other applicable state and federal law.

### Fifth Defense

The challenged publications are privileged reports of official government proceedings and statements.

### Sixth Defense

Defendants' conduct was not the proximate cause of any injury to Plaintiff.

### Seventh Defense

Plaintiff has failed to allege damages with the requisite particularity.

### Eighth Defense

Plaintiff's alleged damages, if any, are the result of his own conduct and/or the conduct of third persons over whom Defendants had no control.

### Ninth Defense

Plaintiff has failed to mitigate his damages, if any, as required by law.

### Tenth Defense

Any award for non-economic damages may not exceed the limitations imposed by applicable state and/or federal law.

### Eleventh Defense

By reason of the First Amendment to the United States Constitution, and/or other applicable state and federal law, Defendants may not be held liable for punitive damages under the circumstances alleged in the Complaint.

**Twelfth Defense**

The Plaintiff cannot carry his burden of proving that certain of the challenged statements are false or substantially false.

**Thirteenth Defense**

Defendants reserve the right to raise any and all other defenses as they may become known during the course of discovery and hereby specifically reserve the right to amend their Answer to allege said defenses at such time as they become known.

**WHEREFORE**, Defendants request that the Court enter judgment in their favor and against Plaintiff, award them taxable costs, their attorneys' fees and afford them such other and further relief as the Court may deem just.

Dated:  January 5, 2015

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By:   */s/ Michael D. Sullivan*
Michael D. Sullivan, DC Bar No.:  339101
Chad R. Bowman, DC Bar No.:  484150
Celeste Phillips, DC Bar No.:  481464
1899 L Street, NW
Suite 200
Washington, D.C. 20036
Tel:  (202) 508-1116
Fax:  (202) 861-9888
msullivan@lskslaw.com

*Counsel for Defendants CBS Corporation and John J. Miller, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January 2015, the foregoing Answer and Affirmative Defenses was filed with the Clerk of Court via the Court's electronic filing system and that I caused a true and correct copy of same to be served via First Class Mail upon counsel for plaintiff as follows:

> Mark D. Cummings
> David E. Sher
> Kristen M. Kanaskie
> Sher, Cummings & Ellis, PLLC
> 3800 Fairfax Drive, Suite 7
> Arlington, VA. 22203

By: */s/ Michael D. Sullivan*